UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------

SHARIFE MOSES,

                    Petitioner,

      -against-

JAIFA COLLADO,

                    Respondent.

---------------------------------------------------

19cv1770 (RA) (DF)

**ORDER**

**DEBRA FREEMAN, United States Magistrate Judge:**

In his Petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, *pro se* petitioner

Sharife Moses ("Petitioner") indicated that, in addition to the claims that he was raising therein

(which included a claim of ineffective assistance of trial counsel) (*see* Petition Under 28 U.S.C.

§ 2254 For Writ of Habeas Corpus by a Person in State Custody, dated 1/29/19 ("Pet.") (Dkt. 1)

¶ 12), he was also "in the process" of seeking post-conviction relief in the state courts on two

additional ineffective-assistance claims (*see id.* ¶ 18).  Petitioner's request for a stay of these

proceedings pending the exhaustion of his additional claims through a state-court motion to

vacate his conviction pursuant to Section 44.10 of the New York Criminal Procedure Law[1] has

been referred to this Court by the Honorable Ronnie Abrams, U.S.D.J. (*see* Dkts. 13, 14), and

Respondent's time to file a response to the claims raised in the Petition has been adjourned

pending a further Order by this Court (*see* Dkt. 13).

Although a district court may stay a habeas proceeding and hold the petition in abeyance

so as to enable the petitioner to exhaust previously unexhausted claims, the Supreme Court made

---

[1] *See id.*; *see also* Letter to the Court from Eric Del Pozo, Esq., dated Aug. 2, 2019
("8/2/19 Resp. Ltr") (Dkt. 12) (attaching copy of Petitioner's § 440.10 motion); undated Letter to
the Court from Petitioner, addressing request for a stay (Dkt. 15).

clear in *Rhines v. Weber*, 544 U.S. 269 (2005), that "stay and abeyance is only appropriate where

the district court determines that there was good cause for the petitioner's failure to exhaust his

claims first in state court," *id*. at 277.  In this case, Respondent has taken the position that

Petitioner has failed to present facts sufficient to show "the requisite 'good cause' for a stay," as

he has not come forward with facts demonstrating why he could not have exhausted his claims

prior to commencing this action.  (*See* 8/2/19 Resp. Ltr, at 2 (citing *Rhines*, 544 U.S. at 278;

*Rivera v. Kaplan*, No. 17cv2557 (RA), 2017 WL 3017713, at *3-4 (S.D.N.Y. July 13, 2017)).)

Indeed, Petitioner's only proffered explanation for his delay – that, "[a]s a layman[,] it took

[him] years to gain an understand[ing] of criminal law as well as to develop[] the issues

contained within [his] [Section 440.10 motion]" (undated Letter to the Court from Petitioner

(Dkt. 15), at 2) – is the type of explanation that has been held insufficient to justify a failure to

exhaust claims, *see, e..g.*, *Castro v. Lamanna*, No. 18cv3315 (RA), 2019 WL 293388, at *2

(S.D.N.Y. Jan. 22, 2019) (holding that a "[p]etitioner's ignorance of the law . . . does not

constitute 'good cause' for failure to exhaust") (collecting cases).  Absent an adequate showing

of good cause for his failure to exhaust, *Rhines* dictates that Petitioner's request for a stay should

be denied.

Moreover, although Petitioner apparently did proceed to file a Section 440.10 motion in

the state trial court, the claims that he actually raised in that motion do not entirely match the

unexhausted claims that he identified in his Petition, and as to which he sought a stay.

Specifically, in his Petition, Petitioner stated that he was in the process of filing a post-conviction

motion on the grounds that his trial counsel was ineffective "for failing to request for the court to

charge the jury with the affirmative . . . defense to felony murder" and "for fail[ing] to object to

the prosecution[']s summation."  (Pet. ¶ 18.)  In contrast, in Section 440.10 motion that he then

filed (a copy of which has been provided to the Court by Respondent (*see* attachment to Resp. 8/2/19 Ltr.)), Petitioner raised only the first of those two claims (*see id.*), together with a wholly different second claim – *i.e.*, that his counsel was ineffective for failing "to bring forth critical facts to the suppression court during [a] *Wade* hearing . . . ." (*id.*, at i). Thus, it appears that Petitioner has not proceeded to attempt to exhaust one of the two unexhausted claims that he raised in his Petition, and, further, that he never timely raised, in this Court, one of the two claims that he seemingly *is* now trying to exhaust. *See* 28 U.S.C. § 2244(d) (providing one-year statute of limitations for habeas claims). The inconsistency in Petitioner's filings, without explanation, further demonstrates that he has not shown an adequate basis for a stay.

This Court does acknowledge, however, that it has recently been informed by Respondent that, while the trial court has now denied Petitioner's Section 440.10 motion, it has also granted Petitioner leave to appeal from that ruling to the Appellate Division, suggesting that one or both of the claims raised by Petitioner in that motion may potentially be meritorious, or at least raise an appeal-worthy issue. (*See* Letter to the Court from Eric Del Pozo, Esq., dated Apr. 10, 2020 ("Resp. 4/10/20 Ltr.") (Dkt. 16), at 2; *see also id.* (attaching Certificate Granting Leave, dated Mar. 20, 2020, which states that Petitioner's collateral motion involves "questions of law or fact . . . which ought to be reviewed by the Appellate Division").) In light of this development, Respondent now states that she does not object to these proceedings' being stayed, pending the outcome of Petitioner's appeal. (Resp. 4/10/20 Ltr., at 2.) Yet Respondent's current position does not address the reasoning of *Rhines* that, in order to give effect to the statutory framework of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") – which requires both the exhaustion of all habeas claims, *see* 28 U.S.C. § 2254(b)(1)(A), and the assertion of those claims in federal court within a one-year limitations period, *see* 28 U.S.C. § 2244(d) – district

courts should not stay habeas proceedings absent a showing of diligent efforts to exhaust, *see*

*Rhines*, 544 U.S. at 277. Thus, even if the single claim that Petitioner initially identified in his

habeas Petition as unexhausted and that is he currently pursuing in the state courts may have

merit, this Court remains constrained to find that a stay of these proceedings would be

inappropriate.

Accordingly, it is hereby ORDERED as follows:

1.  Respondent shall file her opposition to the Petition, together with the record of all

relevant proceedings in the state courts, no later than June 30, 2020.

2.  Petitioner may have until August 31, 2020 to file a reply.

3.  Respondent is directed to mail a copy of this Order to Petitioner and to file proof

of service.

This Court recognizes that the COVID-19 outbreak may affect the parties' ability to

proceed with litigation as they normally would. As a result, this Court will grant reasonable

extensions of the schedule set out above, if shown to be warranted as a result of any logistical or

other difficulties caused by the outbreak.

Dated: New York, New York
      April 14, 2020

                          SO ORDERED

                          _____

                          DEBRA FREEMAN
                          United States Magistrate Judge

<u>Copies to</u>:

Mr. Sharife Moses
#15A0697
Shawangunk Correctional Facility
200 Quick Road
Wallkill, New York 12051

Respondent's counsel (via ECF)