UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHARIFE MOSES,

                           Petitioner,

       -against-

JAIFA COLLADO,

                           Respondent.

19-CV-01770-LTS-GWG

## ORDER ADOPTING REPORT & RECOMMENDATION

      Magistrate Judge Gorenstein's Report and Recommendation (docket entry no. 33 (the "Report")), concerning the pro se petition for a writ of habeas corpus filed by Sharife Moses ("Petitioner" or "Moses") (docket entry no. 1 (the "Petition")), recommends the Court deny the Petition in its entirety. The relevant facts are set forth in the Report.

      The Court has thoroughly reviewed the Report, Petitioner's objections (docket entry no. 36 (the "Objection")), and Respondent's response (docket entry no. 37 (the "Response")), and hereby adopts Judge Gorenstein's reasoning and conclusions in the Report. For the reasons stated in the Report and below, the Court denies the Petition.

### BACKGROUND

      The Court adopts the factual recitation set forth in the Report and assumes familiarity with the facts stated therein.

### DISCUSSION

      In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C.A. § 636(b)(1) (Westlaw through P.L. 118-78). To the extent that a party makes a specific objection to the magistrate judge's findings, the Court must make a de novo determination.

United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997). "Similarly, to the extent that a party makes only conclusory objections, or simply reiterates a prior argument, the Court reviews strictly for clear error." Rios v. Kaplan, No. 17-CV-0314-LTS-SDA, 2023 WL 4348353, at *1 (S.D.N.Y. July 5, 2023). While "[o]bjections of pro se litigants are generally accorded leniency and construed to raise the strongest arguments that they suggest[,] . . . even a pro se party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a 'second bite at the apple' by simply relitigating a prior argument." James v. Keyser, No. 20-CV-3468-JPC-SDA, 2023 WL 137618, at *2 (S.D.N.Y. Jan. 9, 2023) (citations omitted).

Petitioner makes four objections to Judge Gorenstein's Report. First, Petitioner argues that Judge Gorenstein erred in determining that one of Petitioner's claims was still unexhausted, rendering the Petition a "mixed petition." The Court reviews Petitioner's specific objection as to Judge Gorenstein's determination de novo.

Mixed Petition

Petitioner argues that Judge Gorenstein erred in finding that Moses had not exhausted his remedies in state court with respect to his claim that the trial attorney was ineffective for failing to object to the prosecutor's summation. (Objection at 2-3.) Petitioner erroneously claims that the Respondent "conceded that this issue had been exhausted." (Id. at 2.) As Judge Gorenstein noted in the Report, the Respondents provided an update as to the exhaustion of Petitioner's state appeals in November 2023. (Docket entry no. 31.) In that filing, Respondent wrote, "[P]etitioner's [motion pursuant to New York Criminal Procedure Law ("CPL") § 440.10] did not include any claim that his counsel was ineffective for failing to object to the prosecutor' [sic.] summation. Nor does it appear that petitioner has filed any other state

post-conviction motions raising such a claim.  That claim, therefore, remains unexhausted."  (Id. at 2 (internal citations omitted).)

Furthermore, Petitioner's reliance on People v. Maxwell, 89 A.D.3d 1108 (N.Y. App. Div. 2d Dep't 2011), for the proposition that a "mixed claim" of ineffective assistance of counsel may still be brought in collateral proceedings such as a habeas corpus proceeding is misplaced.  (Objection at 3.)  Maxwell found permissible the consideration of a unified, "mixed claim" of ineffective assistance of counsel in the context of a defendant's CPL § 440.10 motion, not a habeas petition.  89 A.D.3d at 1109-10.  The court employed the term "mixed claim" to describe a claim based on the defendant's allegations of ineffectiveness previously considered on direct appeal on the basis of the record, along with additional non-record-based allegations, and held that the reviewing court could consider the cumulative effect of the combined failures of trial counsel "in totality."  Id.  Critically, the state court's description of a "mixed claim" for the purposes of a CPL § 440.10 motion does not mirror the definition of a "mixed petition" as that term is used in the context of a federal habeas proceeding.  In the context of federal habeas proceedings, a "mixed petition" is a claim that includes matters as to which the petitioner has unexhausted, potential state remedies.  Rose v. Lundy, 455 U.S. 509, 510 (1982).  Petitioner could have brought his ineffective assistance of counsel claim predicated on his trial attorney's failure to object to the prosecution's summation both on his direct state appeal and his CPL § 440.10 motion, but he failed to do so.  (Report at 18 n. 6; see also docket entry no. 26 ("Response and Record").)  Therefore, the Court agrees with and adopts Judge Gorenstein's determinations that Petitioner has not exhausted his state remedies with respect to his argument that trial counsel was ineffective in failing to object to the summation, and that habeas review of that argument is procedurally barred.  (Report at 18.)

To the extent that Petitioner's Objection also asserts that he exhausted his claim that trial counsel was ineffective because of failure to "request a felony murder affirmative defense jury instruction" (Objection at 3), Petitioner seems to misread the Report. Judge Gorenstein found that claim to be fully exhausted and the Report considers the argument on its merits. (Report at 18, 26-27.)

Remaining Objections

Petitioner's remaining three objections — that Judge Gorenstein erred in finding no grounds for habeas relief in the state court's affirmance of the lineup, the jury charge, and the decision of the trial attorney not to present the felony murder affirmative defense — simply reiterate Petitioner's prior arguments without identifying specific objections to Judge Gorenstein's findings of fact or application of law. (Objection at 3-10.) The Court therefore reviews these objections for clear error. Rios, 2023 WL 4348353, at *1. The Court finds no clear error in Judge Gorenstein's thorough and well-reasoned Report and adopts Judge Gorenstein's findings and conclusions as stated.

CONCLUSION

For the foregoing reasons, Petitioner's objections to the Report and Recommendation are overruled. The Court adopts the Report and denies Mr. Moses's Petition in its entirety. The Clerk of Court is directed to enter judgment accordingly and to mail a copy of this Order to the Petitioner at the below address. This Memorandum Order resolves docket entry no. 1.

Petitioner may not appeal this order unless "a circuit justice or judge issues a certificate of appealability." 28 U.S.C.A. § 2253(c)(1) (Westlaw through P.L. 118-78). A certificate will be granted "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C.A. § 2253(c)(2) (Westlaw through P.L. 118-78); see generally United States v. Perez, 129 F.3d 255, 259-60 (2d Cir. 1997) (discussing the standard for issuing a certificate of appealability). The Court finds that Petitioner will not be able to sustain this burden. The Court declines to issue a certificate of appealability.

    SO ORDERED.

Dated: New York, New York
      August 15, 2024

                                              /s/ Laura Taylor Swain
                                              LAURA TAYLOR SWAIN
                                              Chief United States District Judge

Copy Mailed To:

Sharife A. Moses
#15-A-0697
Shawangunk Correctional Facility
200 Quick Rd.
Wallkill, NY 12589